```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

ALEISTER SIBILIA LOPEZ, and    )
on behalf of all noncommercial )
drivers not licensed           )
in Massachusetts,              )
            Plaintiffs,        )    C.A. No. 04-12675-PBS
                               )
      v.                       )
                               )
COMMONWEALTH OF MASSACHUSETTS, )
            Defendant.         )
```

MEMORANDUM AND ORDER

On December 13, 2004, plaintiff Aleister Sibilia Lopez, now incarcerated at the Souza Baranowski Correctional Center, submitted for filing his self-prepared pleading entitled "Writ of Injunction." With his complaint, plaintiff filed an Application to Proceed Without Prepayment of Fees.

For the reasons set forth below, plaintiff's request for injunctive relief is denied and plaintiff is advised that his complaint is subject to dismissal unless plaintiff demonstrates good cause why it should not be dismissed.

BACKGROUND

Plaintiff Aleister Sibilia Lopez, now incarcerated at the Souza Baranowski Correctional Center, brings this action on behalf of himself and "all noncommercial drivers not licensed in Massachusetts" seeking to enjoin the Commonwealth from "stopping, detaining, citing or arresting any person who is not license[d] to operate a motor vehicle in the State of

Massachusetts for having violated any of its laws of the road while on any road for which Federal funds have been used to construct or maintain said road." See Complaint ("Compl."). Plaintiff's complaint consists of two handwritten pages and provides little in the way of factual background. Plaintiff states that he is "a citizen of another state. Id. at p. 1, ¶ 1.

Plaintiff complains that "[o]n many occasions while traveling through Massachusetts" he has been stopped, detained, issued citations and ultimately arrested for violations of Massachusetts motor vehicle laws. Id. at p. 1, ¶ 2; p. 2, ¶ 1.

On April 25, 2003, plaintiff alleges he was stopped and issued a citation for speeding and not wearing a seat belt. Id. at p. 1, ¶ 3. Plaintiff further alleges that on October 3, 2004,[1] he was stopped, issued a citation for speeding, and arrested for operating a motor vehicle without a license. Id. at p. 2, ¶ 1.

Plaintiff seeks to enjoin the Commonwealth from "stopping, detaining, citing or arresting any person who is

---

[1] The Court recognizes that the Inmate Transaction Report accompanying plaintiff's fee waiver application seems to indicate that plaintiff was incarcerated at the time of his alleged arrest on October 3, 2004. See Docket No. 1 (Application to Proceed Without Prepayment of Fees).

not license[d] to operate a motor vehicle in the State of Massachusetts for having violated any of its laws of the road while on any road for which Federal funds have been used to construct or maintain said road."  Id. at p. 2, ¶ 3.

## DISCUSSION

I.  The Court May Screen This Action

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA").  Pub. L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguagble basis in law or fact, seeks relief against a defendant who immune from liability, or fails to state a claim.  28 U.S.C. § 1915(e)(2)(b).

In addition, all prisoner actions directed against a governmental entity or officer must be screened at the earliest practicable time, regardless of whether or not a prisoner litigant has paid the filing fee, to determine if the action lacks an arguable basis either in law or in fact, seeks relief from a defendant who is immune from liability, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A; cf. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (defining frivolousness); Haines v. Kerner, 404 U.S. 519, 520-

521 (1972) (pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

II.  Class Certification

Rule 23 of the Federal Rules of Civil Procedure governs class action certification, and this Court has an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable."  See Fed. R. Civ. P. 23(c)(1); Caputo v. Fauver, 800 F. Supp. 168, 169 (D. N.J. 1992); accord Shaffery v. Winters, 72 F.R.D. 191, 193 n. 1 (S.D.N.Y. 1976) (propriety of class action certification may be considered on court's own initiative).

A basic requirement for all class actions is that the named plaintiff can fairly and adequately represent the class.  Fed. R. Civ. P. 23(a)(4).  Here, the plaintiff cannot adequately represent the putative class because pro se litigants are not adequate representatives of other plaintiffs.  See Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000).  A non-attorney may not bring a class action lawsuit because a layman is "clearly too limited to allow him to risk the rights of other."  See Fymbo, 213 F.3d at 1321 (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); Avery v. Powell,

695 F. Supp. 632, 643 (D.N.H. 1988) (a pro se prisoner plaintiff did not conform with the class certification requirement that he be able to "fairly and adequately" protect the interests of the class.). Accordingly, the instant action is not appropriate for class certification and is subject to dismissal as a class action.

    III.    <u>Plaintiff's Complaint Fails to State a Claim</u>

Although <u>pro se</u> complaints are entitled to a close and sympathetic reading, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), plaintiff's complaint fails to state a claim and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

To the extent plaintiff contends that his right to travel has been violated, the complaint fails to state a constitutional claim. The Supreme Court has recognized a constitutional right to travel. <u>See</u> <u>Attorney General of New York v. Soto-Lopez</u>, 476 U.S. 898, 903 (1986). However, the constitutional right to travel guarantees citizens of one state the right to enter and leave other states or to be treated as welcome visitors in other states, <u>Chavez v. Ill. State Police</u>, 251 F.3d 612, 648 (7th Cir. 2001), not the right to drive a car without a license, <u>Miller v. Reed</u>, 176 F.3d 1202, 1205-06 (9th Cir. 1999).

As explained by the Rhode Island Supreme Court:

5

> The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel is utterly frivolous. The plaintiff is not being prevented from traveling interstate by public transportation, by common carrier, or in a motor vehicle driven by someone with a license to drive it. What is at issue here is not his right to travel interstate, but his right to operate a motor vehicle on the public highways, and we have no hesitation in holding that this is not a fundamental right.

Miller, 176 F.3d at 1206 (citing Berberian v. Petit, 374 A.2d 791, 794 (R.I. 1977)(citations and footnotes omitted)).

Because plaintiff presents a claim that is mistakenly premised upon a non-existent constitutional right, this action is subject to dismissal.

### IV   Plaintiff's Request for Injunctive Relief

To the extent plaintiff's pleading can be construed as an Application for Temporary Restraining Order, plaintiff's request must be denied.  To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Merrill Lynch, Pierce, Fenner &

Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders).[2] To warrant the more extraordinary relief of a temporary restraining order, plaintiff must demonstrate that his injury of loss is "immediate and irreparable." Fed. R. Civ. P. 65(b).

A request for injunctive relief must be accompanied by a certified statement stating the efforts, if any which have been made to give notice and reasons supporting the claim that notice should not be required. Id. Plaintiff has not submitted this document and his request for a temporary restraining order could be denied on this basis.

However, plaintiff's claims are subject to dismissal for failure to state a claim upon which relief may be granted. See Memorandum and Order ¶ III (Plaintiff's Complaint Fails to State a Claim). Plaintiff has not demonstrated a likelihood of success on the merits. Therefore, the Court will deny plaintiff's request for injunctive relief.

ORDERS

Based upon the foregoing, it is hereby ORDERED

---

[2] The Court will not construe plaintiff's application as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the complaint has not been served on defendant. See Fed. R. Civ. P. 65(a)(1).

1.  Plaintiff's request for injunctive relief is DENIED.

2.  Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) unless, on or before the 42nd day from the date of this Memorandum and Order, plaintiff files a submission showing cause why the Court should find that his complaint should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 3rd day of January, 2005

                                      /s/ Patti B. Saris  
                                      PATTI B. SARIS  
                                      UNITED STATES DISTRICT JUDGE