Alistir Sibilia Lopez

vs.

Commonwealth of Massachusetts

FILED
IN CLERKS OFFICE
2005 FEB 10 P
U.S. DISTRICT COURT
DISTRICT OF MASS

Federal District Court
C.A. No. 04-12675-PBS

## Supplement and Amendment

Now comes Alistir Sibilia Lopez, Declarant, in the above-entitled matter before this Honorable Court and submits this Supplement and Amendment in order to clarify his claims against the Commonwealth of Massachusetts and in response to the court's dismissal of his suit.

Declarant now provides a more detailed account of the historical facts which are the reasons he has brought this suit at law.

On the 25th day of April of 2003 Declarant was driving on a Massachusetts road which has been constructed and/or maintained with federal funds when he was seized by officer Scott McCowan of the Williamstown Police Department. McCowan pulled Declarant's vehicle over for having exceeded the speed limit, which is not considered to be a crime under Massachusetts laws. Declarant's vehicle had non-commercial license plates issued by the state of Connecticut. McCowan asked for Declarant's driver's license and vehicle registration, and Declarant provided both documents which were issued by Connecticut. Sometime after having walked back to his patrol car McCowan returned to Declarant's vehicle and ordered him to step out of the vehicle for he was going to conduct a search. After a while of not complying with McCowan's orders to exit the vehicle Declarant complied and and he and another officer searched the vehicle and Declarant's person as well. Subsequent to both searches Declarant was arrested and charged with speeding, possession of a controlled substance and a number of other charges.

One of Four

During the 3rd day of October of 2003 Declarant was driving on a Massachusetts road, which has been constructed and/or maintained with federal funds, when he was seized by Sgt. Christopher Blair of the Erwin Police Department. Blair pulled Declarant's vehicle over for having exceeded the speed limit. Declarant's vehicle had non-commercial license plates. Blair asked for Declarant's license and registration. Declarant produced both documents which were issued by Connecticut. Minutes after having walked back to his patrol car Blair returned to Declarant's vehicle and ordered him to step out. Declarant complied and was subsequently arrested for driving without a license and possession of a controlled substance. Declarant had unknowingly been driving with a suspended Connecticut license.

First Declarant shall address and clarify those claims he stated in the Writ of Injunction, but which were not addressed by the court on its order of dismissal dated the 3rd day of January of 2005.

1. Neither McGowan nor Blair, both executive officers of Massachusetts, had reason to suspect, based on any facts, that Declarant was committing, was about to commit, or had committed a crime prior to and immediately after seizing him, therefore their seizures of Declarant were in direct violation to his Fourth Amendment right under the Constitution of the United States of America and of Supreme Court decisions reached in the case of Terry v. Ohio.

2. There were no indications that Declarant possessed a Massachusetts license, at first glance, prior to or after having been seized on both occasions, which if there were would have allowed the officers to do such for he would have had entered into an agreement with said State to obey its laws of the road. And if he were to be discovered in breach of said laws he would then be subject to such seizure and penalization. Declarant is not subject to such laws laws for he has never entered into any agreement with said State for he does not and has never had a driver's license issued by it.

Two of Four

3. The State of Massachusetts has denied Declarant the inherent right to "Free and Unobstructed Passage" through its roadways. Said right has been in existence since prior to the concept of any Constitution and it is protected by the Nineth Amendment of the Constitution for the United States of America, for it was a right retained by the People. Any laws or regulations which infringe upon said right by requiring Persons, to obtain a driver's license to operate a motor vehicle, also to register and insure motor vehicles, and which monetarily penalize them for violating such laws or any other laws of the road are in direct contradiction to said right, thereby to the Nineth Amendment as well. As long as these Persons are not traveling for the purpose of conducting Commerce they cannot be held to answer to any such laws for they are obstructions against passage, and the State is also using them to levy taxes upon those travelers. The government cannot deny the People the right to "Free and Unobstructed Passage" unless those Persons are conducting Commerce.

Furthermore, the roadways upon which Declarant was traveling have been constructed and/or maintained with federal funds, thereby, the State of Massachusetts is obligated to treat all those who use said ways as they are treated by the federal government. Meaning that Massachusetts cannot provide less rights to those using said ways than those which are provided by the federal government. Rights are not only provided through privileges and immunities but also through not regulating a certain act. The State is obliged to limit its laws and regulations to that federal threshold and cannot regulate things which the federal government does not, such as non-commercial travel.

Declarant now will address the only one of his claims in his original Complaint which was addressed by the Court.

4. The State of Massachusetts had denied Declarant the right to interstate travel for it not only hampers his ability to travel by automobile (motor vehicle) but it also denies him travel through it highways if he should use other modes of transportation, such as a bycicle, horse drawn carriage, and also walking.

three of four

It is now clear that the case at bar is unlike that of <u>Monarch Travel Serv., Inc. v. Associated Cultural Clubs, Inc.</u> 466 F.2d 552 for it clearly demonstrates that burdens are being placed upon more than one mode of transportation. If a Person does not travel in a motor vehicle which meets state regulations he is not allowed to travel on its highways by any other means.

In Conclusion, this case differs greatly from those cases which the Court mentioned on Memorandum and Order dismissing Declarants' complaint on the 3rd day of January of 2005. In <u>Chavez v. Ill. State Police</u> 251 F.3d 612, the plaintiff's claim was that he was being discriminated against due to his race, in <u>Miller v. Reed</u> 176 F.3d 1202, the plaintiff's claim was that he was being denied intrastate travel neither of these cases argued the same claims as has the Declarant.

Wherefore, Declarant seeks judgement in his favor which would state the following:

1. Declarants' constitutional right under the Fourth Amendment was violated by Officer McGowan and Sgt. Blair and any evidence obtained after such unconstitutional seazures is fruit from the poisonous tree.

2. A declaration that Declarant is not subject to Massachusetts laws of the road and a permanent restraining order prohibiting it from attempting to make him subject to such.

3. Massachusetts has denied Declarant the right to "Free and Unabstructed Passage" and that it cannot provide less rights than the federal threshhold on any road which has used federal funds.

4. That Massachusetts is hampering Declarants right to interstate travel

Respectfully presented,

Aleister Sibilio Lopez
Aleister Sibilio Lopez
Harvard Road
P.O. Box 8000
Shirley, Massachusetts
United States of America
8th day of February of 2005   Four of Four

Lopez v. Commonwealth of Massachusetts

## Certificate of Service

I, Aleister Sibilia Lopez, certify that the Commonwealth of Massachusetts has been served with notice of the court action which I have taken against it in federal court by having sent, via first class mail, true copies of the following documents: Writ of Injunction (2 pgs.) dated 20th of Nov. of 2004; Motion to Amend Writ of Injunction (4 pgs.) dated 8th of Feb. of 2005. Said documents were placed in an envelope which was later sealed and stamped and then addressed to the Massachusetts Attorney General at the address below:

  Attorney General of Massachusetts
  Thomas Reilly
  One Ashburton Place
  Boston, Massachusetts
  United States of America

Said envelope was then placed in the internal mailing system of Souza-Baranowski Correctional Centre on the eight day of February of 2005 so it could be transferred to the United States Postal Service for delivery.

Signed under pains and penalties of perjury this eight of February of 2005

  Aleister Sibilia Lopez
  Aleister Sibilia Lopez
  Harvard Road
  P.O. Box 8000
  Shirley, Massachusetts
  United States of America