Federal District Court for the District of Massachusetts

Aleister Sibilia Lopez, Plaintiff

vs.

Commonwealth of Massachusetts, Defendant

Federal District Court
Civil Action No. 04-12675-PBS

## Motion to Vacate Dismissal Order and Memorandum

Now comes Aleister Sibilia Lopez, Plaintiff, in the above-mentioned matter before this Honorable Court and moves to have the order dismissing the complaint for failure to state a claim vacated.

As reasons for this request the Plaintiff asserts the following:

1. He made a timely attempt to have the order of dismissal vacated:

The Plaintiff made a timely, although inept, attempt to have the order of dismissal vacated when he submitted the document entitled Supplement and Amendment. This case

(1 of 4)

is similar ▪ to that of Foman vs. Davis 83 S.Ct. 227, in which the Supreme Court established the mandate that an inept attempt at having the court do a certain act is sufficient, as long as the party's intents and purpose are conveyed. It has not been until resently that the Plaintiff realized that the Court was referring to a motion when it staled that the Complaint would be allowed to continue if he filled a submission showing good cause as to why it should. The Supplement and Amendment did so.

The Same standard which the Supreme Court placed upon the Federal Rules should be applied to 28 U.S.C. §1915 (e)(2)(ii), for 28 U.S.C. §1915 did not provide judges with new power but merely codified those powers, reflected on it, which they already had and made them into law. "The Federal Rules reject the approach that pleading is a game of skill in which a misstep by counsel may be decisive to the out come and accept the priciple that the purpose of the pleading is to facilitate a proper decision on the merits". Foman at 230 quoting Conley v. Gibson 78 S.Ct. 99. These are the same issues that the Supreme Court dealt with in said cases as those of the case at bar, and the only difference is that the Federal Rules were passed by the Court

(2 of 4)

and 28 U.S.C. §1915 was passed by Congress. The Supreme Court set the standard that the Federal Rules are in place merely to facilitate Court proceedings and are not to be strictly followed as a mandate when a party deviates from their course, the same is to apply to 28 U.S.C. §1915.

2. The Complaint sufficiently and clearly stated three Claims for which relief could not be denied:

A. The Complaint clearly stated that on at least two occasions Police officers working under Color of state law violated the Plaintiff's 4th Amendment right by having seized and searched his person and property, when there was no probable Cause to support such acts because at no point did said officers reasonably believe that the Plaintiff had committed, was committing, or was going to commit any Crime. In Massachusetts Speeding is no crime, and there was no indication that the Plaintiff was in violation of any Contract or pact with said State to obey its laws of the road, for, neither he nor the Vehicles had had Massachusetts licenses. McGowan's and Blair's acts were in direct violation to decisions rendered in Terry Vs Ohio

B. Police officers in Massachusetts, working under Color state law, subjected and will continue to subject the Plaintiff to

(3 of 4)

Civil monetary penalties for which he is not rightfully subject to because he has not violated any pact and/or contract.

C. The complaint also stated that the Plaintiff's Liberty is and shall continue to be restrained by Massachusetts for a number of years due to evidence that was uncovered during the seizures and searches he detailed on his complaint. This evidence was unlawfully obtained and later used against the Plaintiff in two separate trials, in violation of his 4th Amendment right.

3. The presiding Judge abused her discretion and committed reversable error when she gave the complaint a blanket order of dismissal after addressing only one of the four claims stated on it. If the other three claims failed to state a claim, they should have been addressed and reasons of why the failed to state a claim should have been specificly mentioned.. see Ballou vs. General Electric Co 393 F 2d 398.

It would be obvious to any common reasonable person knowing the facts, that the blanket denial of the complaint, after only one claim was addressed, amounts to a showing of bias on the part of the judge... U.S. vs. Thompson 483 F-2d 527.

Wherefore, the Plaintiff seeks to have the court vacate its order of dismissal of the complaint and allow it to continue.

Signed under pains and penalties of perjury this 11th day of June of 2005

Aleister Sibula Lopez

Aleister Sibula Lopez
Harvard Road
P.O. Box 5000
Shirley, Massachusetts

(4 of 4)