```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

ALEISTER SIBILIA LOPEZ,        )
          Plaintiff,           )      C.A. No. 04-12675-PBS
                               )
     v.                        )
                               )
COMMONWEALTH OF MASSACHUSETTS, )
          Defendant.           )
```

                        MEMORANDUM AND ORDER

     By Memorandum and Order dated January 3, 2005, I directed plaintiff Aleister Sibilia Lopez to demonstrate good cause, in writing, why this action should not be dismissed.  The January 3, 2005 Memorandum and Order stated, among other things, that the complaint failed to state a claim concerning plaintiff's alleged constitutional right to travel.

     On February 10, 2005, plaintiff filed a timely reply.  See Plaintiff's Supplement and Amendment, Docket No. 7.  Plaintiff has also filed several additional documents including a motion to vacate dismissal order and memorandum (Docket No. 12). Plaintiff's reply restates the facts as alleged in his original complaint and contends that because his driver's license was issued by Connecticut and not Massachusetts, he never consented to a search by Massachusetts police.  Plaintiff's reply contains new allegations of the violation of plaintiff's Fourth Amendment rights by two Massachusetts police officers based upon their searches of plaintiff's vehicle without probable cause.  It appears plaintiff was convicted as a result of the searches and is serving his sentence(s) at the Souza-Baranowski Correctional Center.

After carefully reviewing plaintiff's response, I find that plaintiff has failed to demonstrate any reason why this action should not be dismissed.  Additionally, plaintiff may not pursue a civil rights action pursuant to 42 U.S.C. § 1983 if a judgment by this court would "necessarily imply the invalidity of his conviction."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In such a case, the Supreme Court has held that unless the conviction has already been declared invalid, a petitioner's sole remedy is a writ of habeas corpus under 28 U.S.C. § 2254.  <u>Id.</u>  Thus, I find that plaintiff has failed to demonstrate good cause why this civil rights action should not be dismissed under 28 U.S.C. § 1915(e)(2).

ORDER

ACCORDINGLY, in accordance with this Court's order dated January 3, 2005, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that plaintiff's motion to vacate dismissal order and memorandum (Docket No. 12) is DENIED and the within action be and it is hereby DISMISSED for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts this 18th day of August, 2005.

                              <u>/s/ Patti B. Saris</u>
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE